**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**RITA E. DRURY,**

        **Plaintiff,**

        **v.**                                    **Case No. 05-C-0956**

**ALLEN E. SCHOESSOW,**
**CITY OF MILWAUKEE HOUSING AUTHORITY,**
**CITY OF MILWAUKEE,**

        **Defendants.**

---

## DECISION AND ORDER

---

On September 6, 2005, the plaintiff Rita E. Drury ("Drury") filed her complaint alleging gender discrimination and harassment. Drury's complaint contains claims for relief under 42 U.S.C. § 1983, Title VII, and the Americans with Disabilities Act. Before the Court now is the defendants' expedited, non-dispositive motion, filed on May 30, 2006, to compel Drury's authorizations for the release of medical records and tax returns.

In support of their motion, the defendants have submitted an affidavit from their counsel, Michele M. Ford ("Ford"). That affidavit indicates that Ford sent letters to opposing counsel requesting Drury's signature on various tax and medical record releases. Ford sent such letters on February 21, 2006, March 7, 2006, April 10, 2006, and April 28, 2006. (Aff. of M. Ford ["Ford Aff."] ¶¶ 2, 3, 4.) Three of these letters evinced the defendants' intention

to file a motion to compel if the requested releases were not forthcoming. (*Id.* at ¶ 6.) Another letter, dated May 3, 2006, again requested the authorizations as well as overdue discovery responses. (*Id.* at ¶ 7.)

In response to the defendants' May 3, 2006 letter, Drury finally provided responses to certain discovery requests. Additionally, some of the requested authorizations were hand delivered to defendants' counsel. (*Id.* at ¶ 8.) Certain requested authorizations, however, were still not provided. (*Id.* at ¶ 9.) In her discovery responses, Drury objected to certain authorizations and provided reasons for her refusal to sign. For example, Drury could not recognize the identified healthcare provider on some of the authorizations; other forms sought information that she deemed to be irrelevant to the instant action. (Aff. of Attorney J. Uelmen in Opp'n to Defs.' Mot. to Compel Discovery ["Uelmen Aff."] ¶ 5 & Ex. A.) Drury sent the defendants supplemental responses, dated May 9, 2006. Those supplemental responses did not contain any more signed authorizations. Two letters sent by Drury's counsel, dated May 5, 2006 and May 9, 2006, make no reference to the outstanding release requests. (Ford Aff. ¶ 11.)

Drury argues that the defendants' motion should be dismissed outright for failing to comport with this Court's Civil Local Rule 37, which states:

> All motions for discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written statement by the movant that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.

2

United States District Court for the Eastern District of Wisconsin, Civ. L.R. 37.1. Drury's counsel, John D. Uelmen ("Uelmen"), avers that Ford never telephoned him, nor made any effort to do so. (Uelmen Aff. ¶ 3.)

It is unclear whether Drury's objections concern the form of defense counsel's communications or their substance. Without undertaking a full blow exegesis of the rule's language, the Court notes that Civil Local Rule 37 does require "personal" consultation between disputing parties. "Personal" can mean face-to-face or live, one-on-one discussion, such as by telephone. The Court recognizes that the last sentence of the rule, with its requirement that the movant identify conference dates and times, suggests that letters do not qualify as "personal consultation."

For present purposes, the Court need not define the exact contours of its local rule. However "personal consultation" is defined, the Court understands that there has been no consultation between the parties since Drury provided her interrogatory responses and some of the requested authorizations, on May 5, 2006. Yet, it was only once the defendants received those responses that they were first apprised of Drury's concerns related to the requested releases. To satisfy Rule 37's consultation requirement, the parties need to consult and discuss the objections identified in Drury's responses.

Up until Drury's responses were received by Ford in early May, the only basis for a motion to compel would have been Drury's dilatory conduct. Now, however, that the defendants are in possession of her responses and objections, Drury's delay in responding

3

is no longer germane to the question of whether the parties have made a good faith effort to resolve their differences.[1]  Drury has explained why she will not provide certain authorizations.  If the defendants wish to contest those objections before the Court, they must first show that they have satisfied Civil Local Rule 37's personal consultation requirement by discussing Drury's objections with her.  If an impasse still exists after such consultation and good faith attempts, then the defendants may file another motion to compel.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The defendants' Rule 7.4 Expedited Non-Disposition [sic] Motion to Compel Discovery (Docket No. 17) is **DENIED**.

Dated at Milwaukee, Wisconsin this 7th day of June, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**

---

[1] Drury's delay in responding to the defendants' requests may be germane in future motions as evidence of a pattern of dilatory conduct.

4